[Cite as *State v. Sutton*, 2026-Ohio-1544.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 25CA940 |
| | : | |
| v. | : | |
| | : | DECISION AND JUDGMENT |
| JEFFERY SUTTON, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Karyn Justice, The Law Office of Karyn Justice, LLC, Portsmouth Ohio, for appellant.

Michael A. Davis, Pike County Prosecuting Attorney, Waverly, Ohio, for appellee.

_____

Smith, P.J.

{¶1} Jeffery Sutton appeals the Judgment Entry of Sentence, filed December 11, 2024 in the Pike County Court of Common Pleas. Mr. Sutton pled guilty to one count of Unlawful Sexual Conduct with a Minor, a violation of R.C. 2907.04(A), a felony of the third degree. Here, Mr. Sutton challenges being sentenced to both a prison term and a community control sanction. Based on our review, we find that the trial court erred in imposing both a prison term and a no-contact order. We sustain his sole assignment of

error.  However, we affirm his conviction.  The matter is remanded solely for the purpose of removing the no-contact order as a condition of the final sentence.  All other aspects of the conviction and sentence remain the same.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On July 1, 2024, Jeffery Sutton, "appellant," was indicted on one count of Unlawful Sexual Conduct with a Minor, R.C. 2907.04(A)/ 2907.04(B)(3).  The alleged victim was L.L., a person between 13 and 16 years old at the time of the conduct.  Appellant was arraigned, received appointed counsel, and eventually received discovery responses from the State of Ohio.

{¶3} On December 3, 2024, all parties appeared for a plea and sentencing hearing.  This exchange occurred:

| | |
|---|---|
| Court: | The victim is at school.  Has the prosecutor's - - just for the record, I know you have, but has the prosecutor's office just for the record, consulted with our victim's mom on this case? |
| Mr. Davis: | We have, Your Honor…. |
| Court: | Okay. How does she feel about the resolution? |
| Mr. Davis: | She is not pleased with the resolution. However, she did speak with her daughter who is at school, and the daughter said she is perfectly fine |

> with the resolution so long as he stays
> away from her….

{¶4} The State of Ohio explained the plea agreement as follows:

> Your Honor. Thank you. Mr. Sutton is going to withdraw his former not guilty plea as to the single count in the indictment. He will be pleading guilty to the indictment as charged, unlawful sexual conduct with a minor. In exchange for his guilty plea, the State will recommend that he be sentenced to 42 months in a state correctional facility. There is a mandatory post-release control for five years on this. That's not negotiable….He will be a Tier II sexual offender, pursuant to the Revised Code. There will be no fine. The Defendant is indigent. He will be, however, required to pay the court costs. The State would ask that he have absolutely no contact with the juvenile victim in this case, L.L…..

Both defense counsel and appellant verified the State's rendition of the plea agreement. In the written plea agreement, the words "Stay away from L.L." are handwritten. It appears appellant did not raise objections about the no-contact order. Thereafter, appellant entered a guilty plea to the single count.

{¶5} The trial court proceeded to sentencing and imposed a prison sentence of 42 months. Appellant was given credit for jail time served. He was also designated a Tier II sex offender. The trial court also imposed a no-contact order.

{¶6} The matter is now properly before this court on delayed appeal.

ASSIGNMENT OF ERROR

I.     THE COURT ERRED WHEN IT SENTENCED
       MR. SUTTON TO SERVE A PRISON TERM
       AND A COMMUNITY CONTROL SANCTON.

Standard of Review

{¶7} When reviewing felony sentences, appellate courts apply the standard of review outlined in R.C. 2953.08(G)(2).  *See State v. Goss,* 2025-Ohio-3136, at ¶12 (4th Dist.); *State v. Prater*, 2019-Ohio-2745, ¶ 12 (4th Dist.), citing *State v. Graham*, 2018-Ohio-1277, ¶ 13 (4th Dist.).  Under R.C. 2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."  Instead, R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either:

> (a)  That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)   That the sentence is otherwise contrary to law.

{¶8} "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in

criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.  The defendant bears the burden of establishing by clear and convincing evidence that the sentence is either contrary to law or not supported by the record. *See State v. Behrle*, 2021-Ohio-386, at ¶ 48 (4th Dist.); *State v. Shankland,* 2019-Ohio-404, at ¶ 20 (4th Dist.). (Citations omitted.)

Legal Analysis

{¶9} This court has previously addressed this particular sentencing error on several occasions.  In *State v. Rowland*, 2024-Ohio-1660, we explained:

> In *State v. Anderson,* the defendant was convicted of kidnapping and rape and was ordered to have no contact with the victim and sentenced to a prison term. 143 Ohio St.3d 173, 2015-Ohio-2089, 35 N.E.3d 512, ¶ 2. The Court recognized that a no-contact order was a community control sanction. *Id.* at ¶17. It further determined that " 'felony sentencing statutes * * * require courts impose either a prison term or community control sanctions on each count.' " *Id.* at ¶ 23, quoting *State v. Berry*, 2012-Ohio-4660, 980 N.E.2d 1087, ¶ 21 (3d Dist.). Therefore, the Court vacated the "no contact order."

*Rowland,* at ¶ 156.  In *Rowland,*  because the trial court improperly sentenced appellant to a prison term and a community control sanction, a no-contact order, we sustained Rowland's assignment of error.  Pursuant to

*Anderson*, we remanded the case to the trial court for vacation of the no-contact order.

{¶10} Similarly, in *State v. Paul,* 2025-Ohio-2088, we reached the same conclusion on a similar issue. We observed:

> "Judges have no inherent power to create sentences. Rather, judges are duty-bound to apply sentencing laws as they are written." (Citations omitted.) *State v. Anderson,* 2015-Ohio-2089, ¶ 10. All criminal offenses have been codified and "the only sentence which a trial judge may impose is that provided by statute." *Id.* at ¶ 12. Current felony statutes allow a trial court to impose either a prison term or a community control sanction, but not both. *Id.* at ¶ 31 ("we hold that as a general rule, when a prison term and community control are possible sentences for a particular felony offense, absent an express exception, the court must impose either a prison term or a community-control sanction or sanctions"). The prohibition against ingesting drugs of abuse and the imposition of random drug testing are examples of community control sanctions under R.C. 2929.15(A)(1). Because the trial court improperly sentenced Paul to a prison term and a community control sanction (i.e., the drug use/random testing order), we sustain the third assignment of error and remand the case to vacate the drug use and testing order. *State v. Nickell,* 2025-Ohio-1232, ¶ 112-115 (4th Dist.).

*Paul,* at ¶ 23.

{¶11} In this case, the appealed-from sentencing entry provides: "It is further ORDERED that the Defendant shall have no contact with the victim, L.L., and shall stay away from the victim's current residence or any future residence of the victim." The State somewhat concedes the error.

However, in the State's responsive brief, the State points to the sentencing

transcript and the trial court's language as follows:

> And I'm going to put in the entry, again you'll be in prison, so the chances of you bothering the victim and her family are going to be pretty low at that time, but I'm going to put this in there for purposes of post-release control because I want them to order you to stay away from L.L. and the rest of her family once you're released from prison.

The State argues that the trial court did not actually err but included a

recommendation for the Department of Corrections upon appellant's release

from prison.

{¶12} We are not convinced that the State's argument effectively

circumvents the trial court's likely well-intentioned error.  *See e.g., State v.*

*Jordan,* 2020-Ohio-3928, at ¶ 12 (4th Dist.) (Although acknowledging the

trial court's concerns with respect to advances in technology which permit

access to victims by incarcerated persons, the trial court was not permitted to

impose both a prison sentence and a no-contact order as sentence was

contrary to law).  Herein, the trial court's explanation for including the no-

contact order is included only in the sentencing transcript, which the

Department of Corrections will not have the benefit of reviewing someday.

"[T]he axiomatic rule is that a court speaks through its journal entries."

*State v. Knauff*, 2025-Ohio-3046, at ¶ 17 (4th Dist.); *State v. Miller*, 2010-

Ohio-5705, ¶ 12. Moreover, we are bound by precedent set by the Supreme Court of Ohio on this legal issue. *See Jordan, supra*. The trial court's purpose is irrelevant.

{¶13} Appellant did not object to the no-contact order at sentencing. Recently, in *State v. Singleton,* 2025-Ohio-4849, (8th Dist.), the defendant had agreed to a no-contact order as part of plea negotiations. The appellate court discussed plain error as it considered whether or not an offender can agree to an unauthorized hybrid sentence. The *Singleton* court ultimately concluded at ¶ 11, that there was "little doubt" that an error occurred "because the trial court imposed a hybrid sentence not authorized under *Anderson*, 2015-Ohio-2089, at ¶ 31." Likewise, we conclude that the trial court committed plain error when it imposed the no-contact order, a community control sanction, along with appellant's 42-month prison term.

{¶14} Based on the foregoing, we sustain appellant's sole assignment of error. The imposition of the no-contact order is reversed and vacated. The matter is remanded solely for the purpose of removing the no-contact order as a condition of the sentence. All other aspects of his conviction and sentence remain in effect.

**JUDGMENT AFFIRMED, BUT CAUSE IS REMANDED FOR THE TRIAL COURT TO VACATE THE NO-CONTACT ORDER.**
**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE AFFIRMED AND THE CAUSE IS REMANDED FOR THE TRIAL COURT TO VACATE THE NO-CONTACT ORDER, and costs be assessed to appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Wilkin, J. concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**